UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
JOHN GARD,                          )
                                    )
           Plaintiff,               )
                                    )
     v.                             )   Civil Action No. 00-1096 (PLF)
                                    )
UNITED STATES DEPARTMENT            )
   OF EDUCATION,                    )
                                    )
           Defendant.               )
_____ )


MEMORANDUM OPINION AND ORDER

On February 19, 2008, the undersigned referred this matter to Magistrate Judge Deborah A. Robinson for "management and resolution of all discovery-related issues," including scheduling. Gard v. U.S. Dep't of Education, Civil Action No. 00-1096, Order at 1 (D.D.C. Feb. 19, 2008). On June 23, 2008, Magistrate Judge Robinson issued a minute order which, among other things, denied defendant's motion for an extension of time in which to complete discovery. Defendant has filed an objection to Magistrate Judge Robinson's ruling on this issue. See L. Civ. R. 72.2(b) (permitting parties to file objections to magistrate judges' rulings on nondispositive matters); Fed. R. Civ. P. 72(a) (same). In short, defendant argues that Magistrate Judge Robinson "erred in concluding that Defendant had not established good cause to extend discovery." Memorandum in Support of Defendant's Objection to Magistrate Judge's June 23, 2008 Order Denying an Extension of Time to Complete Discovery at 1-2.

When a district court refers matters to a magistrate judge for determination under Local Civil Rule 72.2, parties may file timely objections to the magistrate judge's rulings. See L.

Civ. R. 72.2(b); Fed. R. Civ. P. 72(a).[1]  "[T]he magistrate judge's decision is entitled to great deference" in this context, <u>Boca Investerings Partnership v. United States</u>, 31 F. Supp. 2d 9, 11 (D.D.C. 1998), and therefore will not be disturbed unless "on the entire evidence the court is left with the definite and firm conviction that a mistake has been committed." <u>Beale v. District of Columbia</u>, 545 F. Supp. 2d 8, 13 (D.D.C. 2008) (internal quotation marks and citations omitted). Nevertheless, "a district judge may modify or set aside any portion of a magistrate judge's order under this Rule found to be clearly erroneous or contrary to law." L. Civ. R. 72.2(c).

Upon careful consideration of Magistrate Judge Robinson's June 23, 2008 minute order, defendant's objection to the minute order and plaintiff's response thereto, and the entire record in this case, the Court cannot conclude that Magistrate Judge Robinson's ruling was "clearly erroneous or contrary to law." L. Civ. R. 72.2(c).  <u>Id</u>.  Accordingly, it is hereby

ORDERED that defendant's objection to Magistrate Judge Robinson's June 23, 2008 minute order [97], which the Court regards as a motion to "modify or set aside" in part Magistrate Judge Robinson's minute order, is DENIED.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: August 14, 2008

---

[1] Though the Court's Referral Order did not explicitly cite Local Civil Rule 72.2, it is apparent from the language employed by the Court that it intended to refer this matter to Magistrate Judge Robinson for the purpose of "hear[ing] and determin[ing]" discovery-related issues.  L. Civ. R. 72.2.  The Court did not intend to refer this matter to Magistrate Judge Robinson for the purpose of submitting to the Court a Report and Recommendation under Local Civil Rule 72.3.